VILLAGE OF HARTFORD, Petitioner-Appellee, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellants.

Fifth District No. 79-8

Opinion filed August 2, 1979.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos and Thomas J. Swabowski, Assistant Attorneys General, of counsel), for appellant Illinois Commerce Commission.

William A. Schmitt, of Pope and Driemeyer, of Belleville, for appellant Illinois Terminal Railroad Company.

William M. Cox, Jr., of Wood River, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is a joint appeal by the Illinois Commerce Commission (hereinafter "commission") and the Illinois Terminal Railroad Company (hereinafter "railroad") from an order of the circuit court of Madison County affirming in part and reversing in part an order of the commission.

On November 4, 1976, the railroad filed a petition with the commission to close seven grade crossings located within the village of Hartford, Illinois. The railroad later orally amended its petition to include only six grade crossings. On February 2, the village of Hartford (hereinafter "village") filed its answer to the petition and on May 26, 1977, filed a counterpetition seeking, *inter alia*, the relocation of the railroad's tracks. On July 8, 1977, the commission limited the issues to be heard at the July 13 and 14 hearings to those raised in the original petition. At that time the commission further requested that the parties submit briefs regarding its jurisdictions over the village's counterpetition. On July 13 and 14 both the railroad and the village presented evidence after which the commission continued the hearing until October 12, 1977. At the conclusion of the proceedings on July 14, the examiner stated:

> "In the event the commission disclaims jurisdiction after reviewing the briefs, then the matter will be merely marked heard and taken [*sic*] on the record here today and an order issued * * *."

The July 14 docket entry also indicates that evidence would be heard on October 12, 1977, if the commission assumed jurisdiction of the village's counterpetition. On September 1, 1977, the railroad and the village filed briefs concerning the commission's jurisdiction. The October 12, 1977, hearing was thereafter continued on several occasions, with the hearing finally scheduled for March 7, 1978.

On January 25, 1978, the commission entered its order that four of the grade crossings be closed, that two of the crossings remain open, that improvements be made thereto, that the relief requested in the village's counterpetition be denied, that the record be marked "Heard and taken," and that the March 7, 1978, hearing be cancelled. The village then petitioned the circuit court of Madison County for review of the commission's order. On October 19, 1978, the court entered its order affirming the commission's findings of fact but reversing the commission's disclaimer of jurisdiction over the village's counterpetition and

remanding the proceeding to the commission with instructions that it hear evidence on the matters raised in the counterpetition.

■■ The only issue involved in this appeal is whether the commission erred in denying the village's counterpetition. In its brief the commission justifies its refusal to hear evidence regarding the village's counterpetition on the basis of its authority pursuant to Commission Rule IV(e) to limit requests for relief in intervening petitions to those which are germane to the issues. The village argues persuasively that it is not, strictly speaking, an intervenor but is rather a necessary party to the proceedings. It further asserts that the commission is vested with the power to grant the relief prayed for in its counterpetition. While this is arguably true, the concept of jurisdiction encompasses not only the power to grant or deny relief, but the decision whether to assume that power in a particular case. In its order reversing the Illinois Commerce Commission's disclaimer of jurisdiction, the circuit court of Madison County recited that section 58 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 62) grants to the commission the power to order minor relocation of any crossing. We agree with the conclusion of the circuit court that through its action the commission, in fact, declined jurisdiction over the counterpetition. Apparently, however, the court interpreted the commission's action as reflecting a belief that it had no power to grant the requested relief. From a close review of the record, we are convinced that the commission's disclaimer of jurisdiction was simply a discretionary decision based upon public safety and convenience not to hear at that particular time a matter over which it had jurisdiction. Thus, the issue is not whether the commission possessed the power to order relocation of the track, but rather whether it could be compelled to exercise its jurisdiction over that subject during the proceeding in question.

■■■ The commission included in its order of January 25, 1978, specific findings that "public convenience, necessity and safety require that [it] act promptly on the issue of railroad crossing safety along the tracks of the Illinois Terminal Railroad in Hartford, * * *" and further that "* * * based on the evidence in this case * * * no delay in issuing an order on crossing safety issues can be justified * * *." Clearly, these were questions of fact which "should be ascribed * * * the strength due to the judgment of a tribunal appointed by law and informed by experience." (*Commerce Com. ex rel. City of Bloomington v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1923), 309 Ill. 165, 170, 140 N.E. 868. See also *Central Illinois Light Co. v. Commerce Com.* (1973), 10 Ill. App. 3d 370, 294 N.E.2d 89; *Monarch Gas Co. v. Illinois Commerce Com.* (1977), 51 Ill. App. 3d 892, 366 N.E.2d 945.) The general rule applicable to court review of Illinois Commerce Commission decisions is that the latter's

findings and conclusions on questions of fact are prima facie correct and will not be set aside unless clearly against the manifest weight of the evidence. (*Klopf v. Illinois Commerce Com.* (1977), 54 Ill. App. 3d 491, 369 N.E.2d 906.) For two days the commission heard and occasionally participated in eliciting testimony concerning the danger of the existing crossings and the extent of inconvenience to the public were the commission to close the crossings in question. We do not believe that the commission's decision based upon the testimony adduced at the July 13 and 14 hearing that the public convenience, necessity and safety required a prompt decision was contrary to the manifest weight of the evidence.

Moreover, section 8 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 8) specifically grants the commission the power to regulate the mode and manner of hearings before it. No one can seriously dispute that the introduction of track relocation into a proceeding to close some but not all grade crossings in a particular village interjects issues of a highly technical nature which would almost certainly delay a final decision for many months, perhaps years. We have examined the cases cited by the appellee and find them inapposite on the facts now before us.

■■ ■ Notwithstanding our decision that the Illinois Commerce Commission could properly decline jurisdiction of a counterpetition in this case, we recognize that the language contained in its January 25, 1978, order is overly broad. In that document the commission specifically ordered "that the relief requested in the village's counterpetition be, and is hereby denied and no further evidence shall be taken on issues raised in the village's counterpetition." We hold that nothing in that order should be interpreted to preclude the village from filing an original petition to relocate the railroad track to the easternmost boundary of the village.

As modified, the order of the Illinois Commerce Commission is affirmed and the order of the circuit court of Madison County is hereby reversed.

JONES and KUNCE, JJ., concur.